IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

vs.  Civ. No. 02-1075 MV/WDS

NEW MEXICO SUPREME COURT,
THOMAS C. TURNEY, JUDGE EDMUND
KASE III, WAYNE G. CANON, and
MICKEY and JENNIFER CHAPEL, husband
and WIFE,

    Defendants.

CONSOLIDATED WITH

DAVID DERRINGER,

    Plaintiff,

vs.  Civ. No. 03-0090 JP/DJS

JOHN D'ANTONIO, New Mexico State
Engineer, JOSEPH MANGES, MICKEY
CHAPEL, and JENNIFER CHAPEL,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendants Mick Chapel, Jennifer Chapel

(the "Chapels") and Joseph Manges' Motion to Dismiss, filed February 10, 2003, **[Doc. No. 3]**.

The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

## BACKGROUND

This is one of a number of cases arising from Plaintiff David Derringer's dissatisfaction with the results of a state court adjudication of a water rights dispute between Plaintiff, Plaintiff's wife, Susan Nevitt, and her mother, Norma Nevitt, (the "Nevitts") and their neighbors, Defendants Mick and Jennifer Chapel (the "Chapels").

1. The State Court Cases

In 1994, the Chapels filed a state court action seeking to confirm their senior water rights as against the Nevitts who lived upstream from the Chapels. The Chapels were represented by Defendant Manges. Plaintiff was not a party to the suit because the Nevitts were the property owners of record at the time the case was filed. The case proceeded to a jury trial and the jury found for the Chapels and against the Nevitts. Based upon the jury verdict, the state court judge entered a judgment and a permanent injunction in favor of the Chapels on May 17, 1996 (the "1996 judgment"). The Nevitts appealed the 1996 judgment and the New Mexico Court of Appeals affirmed.

In July 2000, the Chapels filed a motion to enforce the 1996 judgment. Plaintiff, who had apparently obtained an interest in the Nevitt property some time after the original suit was filed, was permitted to intervene in this case. The state court held an evidentiary trial on the Chapels' motion to enforce, found in favor of the Chapels, and entered a second judgment and injunction on September 24, 2001 (the "2001 judgment"). Plaintiff appealed the 2001 judgment and the New Mexico Court of Appeals affirmed.

In August 2002, the Chapels filed a motion to enforce the 1996 judgment and the 2001 judgment. On January 13, 2003, the state court held a bench trial at which Plaintiff appeared but the Nevitts did not. Following this trial, the state court entered a decision awarding the Chapels $3,545.00 in compensatory damages, $20,000 in punitive damages, and reasonable attorney's fees. The state court also held that if the Nevitts and Plaintiff failed to remove two dams on their property within 45 days, the Chapels would have the right to enter upon the property owned by Susan Nevitt and Plaintiff to remove those dams and that the Nevitts and Plaintiff would be fined $100.00 per day for each day they failed to comply with the injunctions issued in the case. In addition, the state court judge entered an Order granting the Chapels' Motion for Injunction to Enjoin the Filing of Additional Motions, Pleadings or Other Papers by *Pro Se* Defendants.

Plaintiff has since filed a number of federal and state actions against the Chapels, Defendant Manges, the state court judges, and other state and county officers involved in the water adjudication in state court.[1] In this action, Plaintiff alleges that the Chapels violated his rights under the Fourteenth Amendment of the United States Constitution, as well as several federal civil rights statutes, by bringing the improper state court cases, lying in the state court

---

[1] *See Derringer v. Chapel,* No. CIV 02-0974-WJ/RLP (D.N.M. Oct. 3, 2002) (memorandum opinion and order dismissing case); *Derringer v. Snyder*, No. CIV 03-0291 MV/KBM (pending); *Derringer v. Fitch,* No. CIV-03-149 MV/RLP (pending); *Derringer v. Denko*, No. CIV 03-0290 MCA/LAM (D.N.M. Dec. 22, 2003) (memorandum opinion and order dismissing case); *Derringer v. Chapel,* No. CIV 03-804 WJ/RHS (D.N.M. Sept. 4, 2003) (judgment dismissing case); *Nevitt v. Fitch*, No. CIV 03-0155 LFG/WWD (D.N.M. May 19, 2003) (memorandum opinion and order dismissing case); *Nevitt v. Fitch*, No. CIV 02-1580 WPJ/LFG (D.N.M. Dec. 31, 2002) (memorandum opinion and order dismissing case). Plaintiff has been enjoined from filing further frivolous lawsuits in this district. *See Derringer v. Chapel*, No. CIV 03-804 WJ/RHS (D.N.M. Sept. 8, 2003).

proceeding, falsifying court records and other public documents, not naming Plaintiff as a party in the first state court case, conspiring with state court judges, their attorney and other state and court officials to circumvent the laws for their benefit, and executing an illegal judgment. Plaintiff alleges that Defendant Manges, in representing the Chapels in the improper state court actions, violated Plaintiff's rights by soliciting false testimony, submitting a false jury question, requesting that Plaintiff be jailed and asking the state court judge to prevent Plaintiff from filing any further lawsuits. Plaintiff also alleges that Defendant Manges and the Chapels conspired with state court judges, a court reporter, a court bailiff, and others to murder Plaintiff to avoid public exposure of the corrupt state court proceedings.

Plaintiff's Complaint alleges violations of 42 U.S.C. § 1986 (Count One), 42 U.S.C. § 1983 (Count Two), 42 U.S.C. § 1985(2) & (3) (Count Three), 18 U.S.C. § 241 (Count Three) , 42 U.S.C. § 1981(a) (Count Four), the 14th Amendment (Count Four), 18 U.S.C. § 1621 (Count Five), 18 U.S.C. § 1505 (Count Six), 18 U.S.C. § 1512 (Count Seven). Plaintiff seeks, in part, monetary damages, an order requiring Defendant Manges to withdraw as counsel for Defendant Chapels in any matter involving Plaintiff, the disbarment of Defendant Manges, and an order requiring each defendant to issue a "certificate of compliance."

Defendants Chapels and Manges have moved to dismiss all of Plaintiff's claims on numerous grounds, including failure to state a claim under 42 U.S.C. § 1983, lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, *res judicata*, and collateral estoppel.

## MOTION TO DISMISS STANDARD

The Court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can

prove no set of facts supporting his or her claim that would entitle him or her to relief. *See, e.g.*, *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989). When considering a motion to dismiss, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint "is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claim." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989)*,* (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

While a court must construe a *pro se* plaintiff's pleadings liberally, mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply factual allegations to support a *pro se* plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **DISCUSSION**

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review or reverse state court decisions. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). Review of a state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *Id.* The *Rooker-Feldman* doctrine applies to all

state court judgments, whether they are final or not.  *See Kenmen Engineering v. City of Union*, 315 F.3d 468, 473-74 (10th Cir. 2002).  If the *Rooker-Feldman* doctrine applies to a federal case, the case must be dismissed for lack of federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *Id.*

"Federal district courts do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'"  *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, (1983));  *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-6 (1994) (losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); *Wright v. Tackett*, 39 F.3d 155 (7th Cir. 1994) (plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action); *Guess v. Board of Medical Examiners*, 967 F.2d 998, 1002-03 (4th Cir.1992) (plaintiffs who lose in state court may not "recast their claims in federal court under the guise of federal constitutional claims that were not raised or decided by the state court ... if the constitutional claims are inextricably intertwined with the merits of the state court judgment"). "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under  . . . § 1983."  *Anderson v. Colorado*, 793 F.2d 262, 262 (10th Cir. 1986).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court

judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482, n.16. Claims that are "inextricably intertwined" with a state court judgment negate federal district court jurisdiction because such claims in essence call for review of the state court's decision. To determine if an issue is "inextricably intertwined" with a state court judgment, the "fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If adjudication of the claim would require the federal court to determine that a state court judgment was erroneously entered or was void, the claim is "inextricably intertwined" with the merits of the state court judgment. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997); *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995) (*Rooker-Feldman* operates as a bar "if the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling;); *Bisbee v. McCarty,* No. 00-1115, 2001 WL 91411, at *3 (10th Cir. Feb. 2, 2001) (*Rooker-Feldman* doctrine barred claim for damages due to allegedly fraudulent state court judgment because "it would be impossible for a federal court to resolve this claim in [plaintiff's] favor without determining that the state court judgment was erroneously entered or void."); *see also Kenmen*, 315 F.3d at 476, n.6. (noting that one of the obvious ways a federal court might "upset" a state-court judgment is by awarding damages for losses incurred as a result of complying with the state court judgment).

Plaintiff alleges that the Chapels and Defendant Manges filed a fraudulent and abusive lawsuit against him and then conspired with the state court judges and other state officials to deprive him of due process and equal protection of the laws, resulting in the allegedly erroneous

entry of judgments and injunctions against him in the state court proceedings. Plaintiff's complaint recites a litany of allegedly improper and fraudulent actions taken by the state court, the Chapels, Defendant Manges and others in the state court proceedings. While Plaintiff's complaint is not a model of clarity, in essence, Plaintiff's entire cause of action appears to be an attempt to have this Court review the state court proceedings, find that the state court proceedings were unconstitutional and erroneous, and award Plaintiff the damages he suffered as a result of the allegedly fraudulent and defective state court judgments. *See, e.g.*, Plaintiff's Emergency Motion to Dismiss, Quash, and Set Aside the Illegal and Unconstitutional CV-94-10 Judgment and Injunction of May 17, 1996, Place a Stay on CV-94-10 and Place a Permanent Restraining Order Against the Chapels, filed February 6, 2003, [Doc. No. 28] (seeking to have this Court set aside the judgment and injunction in the state court case and stay any further proceedings in that case); Plaintiff's Motion for Federal Court Order to Stay All Proceedings in State Cases CV-94-10 and CV-02-19 and All Appeals of These State Cases, filed May 27, 2003, [Doc. No. 46] (seeking to have this Court stay any further proceedings in the state court case, including any appeals).

Evaluating Plaintiff's claims against the Chapels and Defendant Manges would require the Court to determine whether the state court entered erroneous judgments and injunctions against Plaintiff. The Court, therefore, would be evaluating whether the state court's decisions were correct. This is the sort of collateral review of state court decisions that is barred by the *Rooker-Feldman* doctrine. *See, e.g., Levin v. Attorney Registration and Disciplinary Comm'n*, 74 F.3d 763, 767 n.4 (plaintiff's request for damages was "merely another way to contest his disciplinary proceedings and the Illinois Supreme Court's decision to disbar him."); *Bisbee,* 2001 WL 91411, at *3 (federal court cannot resolve abuse of process claim in favor of plaintiff without

determining that the state court judgment was erroneously entered); *see also Derringer v. Chapel*, No. CIV 02-974 WJ/RLP (D.N.M. Oct. 3, 2002) (dismissing nearly identical case brought by Plaintiff based on *Rooker-Feldman* doctrine). If Plaintiff believed that the acts of the Chapels and Defendant Manges in the state court case were fraudulent and in violation of his constitutional and statutory rights, Plaintiff could have, and apparently did, appeal these issues through the state court system and, ultimately to the United States Supreme Court, if necessary.

As Plaintiff's claims are inextricably intertwined with the state court decisions entered against Plaintiff, the Court lacks subject matter jurisdiction over this case under the *Rooker-Feldman* doctrine.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Mick Chapel, Jennifer Chapel and Joseph Manges' Motion to Dismiss, filed February 10, 2003, **[Doc. No. 3]** is hereby **GRANTED**. Plaintiff's claims against Defendants Mick Chapel, Jennifer Chapel and Joseph Manges in CIV-03-0090 are dismissed.

Dated this 29th day of March, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
 David Derringer, *pro se*

Attorneys for Defendants:
 Michelle L. Wykoff, Esq.
 Joseph E. Manges, Esq.