IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

vs.                                                                Civ. No. 02-1075 MV/WDS

NEW MEXICO SUPREME COURT,
THOMAS C. TURNEY, JUDGE EDMUND
KASE III, WAYNE G. CANON, and
MICKEY and JENNIFER CHAPEL, husband
and WIFE,

    Defendants.

CONSOLIDATED WITH

DAVID DERRINGER,

    Plaintiff,

vs.                                                                Civ. No. 03-0090 JP/DJS

JOHN D'ANTONIO, New Mexico State
Engineer, JOSEPH MANGES, MICKEY
CHAPEL, and JENNIFER CHAPEL,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant John D'Antonio's Motion to

Dismiss, filed May 16, 2003, **[Doc. No. 42]**. The Court, having considered the motion, briefs,

relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

## BACKGROUND

This is one of a number of cases arising from Plaintiff David Derringer's dissatisfaction with the results of a state court adjudication of a water rights dispute between Plaintiff, Plaintiff's wife, Susan Nevitt, and her mother, Norma Nevitt, (the "Nevitts") and their neighbors, Defendants Mickey and Jennifer Chapel (the "Chapels"). *See Derringer v. Chapel,* No. CIV 02-0974-WJ/RLP (D.N.M. Oct. 3, 2002) (memorandum opinion and order dismissing case); *Derringer v. New Mexico Supreme Court,* No. CIV-03-90 MV/WWD (pending); *Derringer v. Fitch,* No. CIV-03-149 MV/RLP (pending); *Derringer v. Denko*, No. CIV 03-0290 MCA/LAM (D.N.M. Dec. 22, 2003) (memorandum opinion and order dismissing case); *Derringer v. Chapel,* No. CIV 03-804 WJ/RHS (D.N.M. Sept. 4, 2003) (judgment dismissing case); *Nevitt v. Fitch*, No. CIV 03-0155 LFG/WWD (D.N.M. May 19, 2003) (memorandum opinion and order dismissing case); *Nevitt v. Fitch*, No. CIV 02-1580 WPJ/LFG (D.N.M. Dec. 31, 2002) (memorandum opinion and order dismissing case). Plaintiff, who appears *pro se*, has been enjoined from filing further frivolous lawsuits in this district. *See Derringer v. Chapel*, No. CIV 03-804 WJ/RHS (D.N.M. Sept. 8, 2003).

1. The State Court Case

In 1994, the Chapels filed a state court action seeking to confirm their senior water rights as against the Nevitts who lived upstream from the Chapels. Plaintiff was not a party to the suit because the Nevitts were the property owners of record at the time the case was filed. The case proceeded to a jury trial and the jury found for the Chapels and against the Nevitts. Based upon

the jury verdict, the state court judge entered a judgment and a permanent injunction in favor of the Chapels on May 17, 1996 ("1996 judgment"). The Nevitts appealed the 1996 judgment and the New Mexico Court of Appeals affirmed.

In July 2000, the Chapels filed a motion to enforce the 1996 judgment. Plaintiff, who had apparently obtained an interest in the Nevitt property some time after the original suit was filed, was permitted to intervene in this action. The state court held an evidentiary trial on the Chapels' motion to enforce, found in favor of the Chapels, and entered a second judgment and injunction in 2001 ("2001 judgment"). Plaintiff appealed the 2001 judgment and the New Mexico Court of Appeals affirmed.

In August 2002, the Chapels filed a motion to enforce the 1996 injunction and the 2001 judgment. On January 13, 2003, the state court held a bench trial at which Plaintiff appeared but the Nevitts did not. Following this trial, the state court entered a decision on January 28, 2003, which awarded the Chapels $3,545.00 in compensatory damages, $20,000 in punitive damages, and reasonable attorney's fees. The state court also held that if the Nevitts and Plaintiff failed to remove two dams on their property within 45 days, the Chapels would have the right to enter upon Plaintiff's property to remove those dams and that the Nevitts and Plaintiff would be fined $100.00 per day for each day they failed to comply with the injunctions issued in the case. In addition, the state court judge entered an Order granting the Chapels' Motion for Injunction to Enjoin the Filing of Additional Motions, Pleadings or Other Papers by *Pro Se* Defendants.

Plaintiff has since filed a number of federal and state actions against the Chapels, the state court judge and other state and county officers involved in the water adjudication in state court.

In this action, Plaintiff alleges that Defendant John D'Antonio, the New Mexico State Engineer, violated his rights under the Fourteenth Amendment of the United States Constitution and several federal civil rights statutes, by failing to take enforcement action against the Chapels for alleged violations of New Mexico water laws and by denying Plaintiff's application for use of public waters without an administrative hearing. Plaintiff contends that Defendant D'Antonio conspired with the state court judge, the Chapels, the Chapels' attorney, and others, to enable the Chapels to use water illegally. In furtherance of this conspiracy, Plaintiff alleges that Defendant D'Antonio falsified public records and committed perjury in the underlying state case.

Plaintiff's Complaint alleges violations of 42 U.S.C. § 1986 (Count One), 42 U.S.C. § 1983 (Count Two), 42 U.S.C. § 1985(2) & (3) (Count Three), 18 U.S.C. § 241 (Count Three) , 42 U.S.C. § 1981(a) (Count Four), the 14th Amendment (Count Four), 18 U.S.C. § 1621 (Count Five), 18 U.S.C. § 1505 (Count Six), 18 U.S.C. § 1512 (Count Seven). Plaintiff seeks, in part, monetary damages, the removal of Defendant D'Antonio from office, and an order requiring Defendant D'Antonio to issue a "certificate of compliance."

Defendant D'Antonio filed the instant motion to dismiss all claims against him on the grounds that Plaintiff's constitutional and tort claims against him are barred by Eleventh Amendment immunity, qualified immunity and/or the New Mexico Tort Claims Act and the remaining counts are asserted under criminal statutes that do not provide a civil right of action.

## MOTION TO DISMISS STANDARD

The Court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *See, e.g.*,

*H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989). When considering a motion to dismiss, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint "is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claim." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989), (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

While a court must construe a *pro se* plaintiff's pleadings liberally, mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply factual allegations to support a *pro se* plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

It is unclear from the case caption whether Plaintiff has named Defendant D'Antonio in his official capacity or as an individual. When a complaint is ambiguous regarding the capacity in which a defendant is sued, a defendant's status is determined by "reviewing the course of the proceedings." *Houston v. Reich*, 932 F.2d 883, 885 (10th Cir. 1991). Throughout the complaint, Plaintiff appears to use the terms "State Engineer," "state engineer" and "Office of the State

Engineer" interchangeably, suggesting that he is not making any distinction between the Office of the State Engineer and Defendant D'Antonio.  Furthermore, Defendant D'Antonio was appointed as State Engineer on January 1, 2003, after many of the acts of which Plaintiff complains had occurred.  While the allegations in the Complaint suggest that Defendant D'Antonio is named solely in his official capacity, the Court, construing a *pro se* plaintiff's pleadings liberally, will also consider whether Plaintiff has stated a claim against Defendant D'Antonio in his individual capacity.

      1.  Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution bars suits in federal court for damages against states, state agencies, and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the immunity by creating a statutory cause of action.  *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 9, 97-102 (1984).  "Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [a plaintiff's] underlying . . . claim."  *Martin v. Kansas*, 190 F.3d 1120, 1126 (10th Cir. 1999), overruled on other grounds by *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001).

Unless a state waives its immunity by consenting to suit or Congress has abrogated the state's sovereign immunity, "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted).  The State of New Mexico and its officials have not consented to be sued in this case.  In addition, the Supreme Court has determined that the passage of 42 U.S.C. §§ 1981, 1983,

1985 and 1986 did not abrogate state sovereign immunity.  *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Furthermore, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Defendant D'Antonio, as the New Mexico State Engineer, is a state officer entitled to Eleventh Amendment immunity.  For these reasons, Plaintiff's claims for damages against Defendant D'Antonio in his official capacity are barred by the Eleventh Amendment and must be dismissed without prejudice for lack of subject matter jurisdiction.

The Eleventh Amendment, however, does not prohibit suits against state officials for prospective injunctive relief.  *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Thompson v. Colorado*, 278 F.3d 1020, 1024 (10th Cir. 2001).  Thus, the claims in Plaintiff's complaint are not barred by the Eleventh Amendment insofar as they seek prospective relief rather than money damages.  The injunctive relief sought by Plaintiff against Defendant D'Antonio, however, fails on other grounds.

Plaintiff's Complaint seeks to have Defendant D'Antonio removed from office and to have Defendant D'Antonio issue a "certificate of compliance."  This Court has no authority to remove Defendant John D'Antonio, an appointed state officer, from office.  *See, e.g., Walton v. House of Representatives of the State of Oklahoma*, 44 S.Ct. 628 (1924) (federal courts, sitting as courts of equity, have no authority over appointment or removal of state officials); *U.S. v. White County Bridge Commission*, 275 F.2d 529 (7th Cir.1960) (courts may not generally remove a public official unless authorized by statute).

It is unclear what Plaintiff means by a "certificate of compliance."   However, it appears

from the context of the Complaint that Plaintiff is seeking to enjoin the enforcement of the state court judgment and/or collaterally attack the state court proceeding. This claim is barred by the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review or reverse a state court judgment. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). Any such review must be addressed directly to the United States Supreme Court. *Id.* The *Rooker-Feldman* doctrine applies to all state court judgments, whether they are final or not. *See Kenmen Engineering v. City of Union*, 314 F.3d 468, 473-74 (10th Cir. 2002). If the *Rooker-Feldman* doctrine applies to a federal case, the case will be dismissed for lack of federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Id.*

In this case, the *Rooker-Feldman* doctrine applies to Plaintiff's request that Defendant D'Antonio be ordered to issue a "certificate of compliance." Accordingly, Plaintiff's claims seeking an order requiring Defendant D'Antonio to issue a "certificate of compliance" are subject to dismissal without prejudice for lack of subject matter jurisdiction.

2.  Qualified Immunity

Defendant D'Antonio asserts that he is entitled to qualified immunity. "The doctrine of qualified immunity provides that governmental officials generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "To reach the question of whether a defendant official is entitled to qualified immunity, a court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right at all." *Martinez v. Mafchir*, 35 F.3d 1486, 1490

(10th Cir.1994) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991)).  If the court determines that the plaintiff's allegations, if true, state a claim for a violation of a constitutional or statutory right, the court must then determine if this constitutional or statutory right was clearly established at the time of the alleged violation.  *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995).  "'Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Albright v. Rodriquez*, 51 F.3d 1531, 1535 (10th Cir. 1995) (quoting *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)).  If the plaintiff fails to show the defendants violated a constitutional or statutory right, or that the asserted right was clearly established under the law, the defendant is entitled to qualified immunity.  *Id*.  The Court, therefore, will first determine whether Plaintiff's allegations, if true, state a claim for a violation of a clearly established constitutional or statutory right.

Plaintiff alleges that Defendant's failure to enforce state water laws violated Plaintiff's rights under 42 U.S.C. § 1983, the Fourteenth Amendment, 42 U.S.C. § 1981(a), 42 U.S.C. § 1982, and 42 U.S.C. § 1985(2) & (3).

    A.    42 U.S.C. § 1983

Plaintiff asserts that Defendant D'Antonio violated 42 U.S.C. § 1983.  Section 1983, however, is not an independent source of substantive rights, but rather a mechanism for enforcing federal rights conferred elsewhere.  Consequently, the Court's analysis must focus on the Plaintiff's alleged violations of other federal laws.

B.   The Fourteenth Amendment

The Fourteenth Amendment provides that no state "shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend XIV.

1.   Due Process Claim

The circumstances under which the Fourteenth Amendment requires the State to take enforcement action based on a third party's suspicions of unlawful activity are very limited. "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 195 (1989).  "If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *Id*. at 196.  Plaintiff asserts no exception to this rule.  As there is no law requiring Defendant D'Antonio to act in the manner requested by Plaintiff, Plaintiff has failed to state a due process claim.[1]

2.   Equal Protection Claim

Equal protection jurisprudence has long recognized that some degree of selectivity in the

---

[1] There are limited circumstances in which a police officer's failure to conduct an arrest mandated by a state statute can give rise to a procedural due-process violation.  *See, e.g., Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1266 (10th Cir. 2002) (enforcement of restraining order in domestic relations proceeding where probable cause exists).  Those circumstances are not present here, however, because the allegations in Plaintiff's Complaint do not involve the type of mandatory statute at issue in *Gonzales*, and Plaintiff alleges no valid, underlying order from the state court that would require Defendant D'Antonio to take the kind of action requested by Plaintiff in this instance or create a statutory entitlement to such action.

law enforcement arena is constitutionally permissible. *See Oyler v. Boles*, 368 U.S. 448, 456 (1962). "Mere negligence or mistake resulting in uneven application of the law is not an equal protection violation." *Roe v. Keady*, 329 F.3d 1188, 1191-92 (10th Cir. 2003). "To sustain a claim under the Equal Protection Clause, a plaintiff must provide evidence that he was treated differently from others who are similarly situated to him, and that the acts forming the basis of the plaintiff's claim were motivated by a discriminatory purpose." *Marshall v. Columbia Lea Reg. Hosp.*, 345 F.3d 1157, 1179 (10th Cir. 2003).

The equal protection claims in Plaintiff's Complaint lack factual support. In particular, the Complaint lacks any supporting factual averments to show that Plaintiff is a member of a recognized protected class or that Defendant D'Antonio's conduct was imbued with an impermissible discriminatory animus with respect to that class. In the absence of such factual averments, Plaintiff has failed to allege an equal protection claim.

    C.    42 U.S.C. § 1981, § 1985(2) and § 1985(3)

Plaintiff's equal protection claims under 42 U.S.C. § 1981, § 1985(2) and § 1985(3) fail for the same reason. To prevail under 42 U.S.C. § 1981, Plaintiff "must prove by a preponderance of the evidence that the defendant intentionally discriminated against him . . . on the basis of race." *The Guides, Ltd. v. The Yarmouth Group Property Mgt., Inc.*, 295 F.3d 1065, 1073 (10th Cir. 2002). To establish an actionable conspiracy under 42 U.S.C. § 1985(3) or the equal protection clause of 42 U.S.C. § 1985(2), Plaintiff must prove that the conspiracy was motivated by "some racial or otherwise class-based discriminatory animus." *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990) (quotation omitted). Plaintiff's Complaint lacks any supporting factual averments that would tend to show a discriminatory racial or class-based

animus on the part of Defendant D'Antonio.  Under these circumstances, there is no clearly established law that would result in a waiver of Defendant D'Antonio's qualified immunity with respect to Plaintiff's claims under 42 U.S.C. § 1981, § 1985 (3), or the equal protection clause of 42 U.S.C. § 1985(2), and Plaintiff has failed to state a claim under these statutes as a matter of law.

The first clause of 42 U.S.C. § 1985(2), which is directed at interference with federal judicial proceedings, does not require a showing of racial or class-based discriminatory animus. *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983).  This clause does not apply here, however, because it is limited to conspiracies to "deter, by force, intimidation, or threat" any party or witness from attending or testifying in a *federal* court.  *See Brown v. Chaffee*, 612 F.2d 497, 502 (10th Cir. 1979) (citing *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976)); *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 n.2 (11th Cir. 2000).  In this case, Plaintiff alleges that he was treated unfairly in state court.  While Plaintiff asserts that he has a number of actions pending in federal court,  Plaintiff does not contend that Defendant D'Antonio conspired to interfere with his attendance or testimony in any proceedings in his federal cases.   Accordingly, Plaintiff has failed to state a claims under the first clause of 42 U.S.C. § 1985(2).

     D.    42 U.S.C. § 1986

Claims under 42 U.S.C. § 1986 are dependent on the existence of an underlying claim under 42 U.S.C. § 1985.  *See Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985); *Taylor v. Nichols*, 558 F.2d 561, 568 (10th Cir. 1977).  As Plaintiff has no valid claim under 42 U.S.C. § 1985, his claim under 42 U.S.C. § 1986 also fails.

E.  Conspiracy Claim under 42 U.S.C. § 1983

A conspiracy claim under 42 U.S.C. § 1983 requires Plaintiff to plead and prove both the existence of a conspiracy and the actual deprivation of rights. *See Dixon*, 898 F.2d at 1449. As discussed above, Plaintiff has not alleged an actual deprivation of federal rights. Consequently, Plaintiff's conspiracy claim under 42 U.S.C. § 1983 also fails as a matter of law.

F.  Plaintiff's Claims Under Federal Criminal Statutes

Counts III, V, and VI of Plaintiff's complaint allege violations of federal criminal statutes. *See, e.g.*, 18 U.S.C. § 241 (conspiracy against rights); 18 U.S.C. § 1505 (obstruction of proceedings before departments, agencies, and committees); 18 U.S.C. § 1621 (perjury). These criminal statutes do not provide a private right of action. *See, e.g., Roemer v. Crow,* 993 F.Supp. 834, 837 (D. Kan. 1998) (18 U.S.C. § 1621 is a criminal statute that does not provide a civil right of action for damages); *Weiland v. Byrne,* 392 F.Supp. 21, 22 (N.D. Ill. 1975) (plaintiff has no standing to sue under 18 U.S.C. §§ 241, 242, 1505 and 1621). Thus, Plaintiff can neither sue directly under them, nor can he use them as a predicate for a federal civil rights action under 42 U.S.C. § 1983. *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985).

Plaintiff has failed to allege facts establishing that Defendant D'Antonio violated any constitutional or statutory rights. Consequently, Defendant D'Antonio is entitled to qualified immunity for Plaintiff's claims for damages against him in his individual capacity. As discussed above, Plaintiff's claims for injunctive relief against Defendant D'Antonio in his individual and official capacities, are barred by *Younger* abstention and the *Rooker-Feldman* doctrine.

3.  Plaintiff's Tort Claim

In Count VII, Plaintiff appears to assert a claim for intentional infliction of emotional distress under New Mexico state law. Defendant D'Antonio is a public employee within the meaning of the Tort Claims Act. NMSA 1978, § 41-4-3(F) (1995). Consequently, any tort claims asserted against Defendant D'Antonio must be brought within the limitations of the Tort Claims Act. NMSA 1978, § 41-4-2(A) (1976).

Under the Tort Claims Act, Defendant D'Antonio is "granted immunity from liability for any tort except as waived by . . . Section 41-4-5 through 41-4-12 NMSA (1978)." NMSA 1978, § 41-4-4(A) (2001). Sections 41-4-5 through 41-4-12 do not waive immunity for a claim for intentional infliction of emotional distress. Accordingly, Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

Plaintiff's claims for damages against Defendant D'Antonio in his official capacity are barred by the Eleventh Amendment; Defendant D'Antonio is entitled to qualified immunity for Plaintiff's claims for damages against him in his individual capacity under 42 U.S.C. §§ 1981, 1983, 1985(2), 1985(3) or 1986; Plaintiff does not have standing to bring an action under 18 U.S.C. §§ 241, 1505, and 1621; and Plaintiff's tort claim against Defendant D'Antonio is barred by the New Mexico Tort Claims Act. Furthermore, Plaintiff's claims for injunctive relief against Defendant D'Antonio are barred by *Younger* abstention and the *Rooker-Feldman* doctrine. Consequently, the Court will grant Defendant D'Antonio's motion to dismiss Plaintiff's Complaint in its entirety.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant John D'Antonio's Motion to Dismiss, filed May 16, 2003, **[Doc. No. 42]** is hereby **GRANTED**.  Plaintiff's claims against Defendant John D'Antonio in CIV-03-0090 are dismissed.

Dated this 29th day of March, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
David Derringer, *pro se*

Attorney for Defendants:
Sean Olivas, Esq.