IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

      Plaintiff,

vs.                                              Civ. No. 02-1075 MV/WDS

NEW MEXICO SUPREME COURT,
THOMAS C. TURNEY, JUDGE EDMUND
KASE III, WAYNE G. CANON, and
MICKEY and JENNIFER CHAPEL, husband
and WIFE,

      Defendants.

CONSOLIDATED WITH

DAVID DERRINGER,

      Plaintiff,

vs.                                              Civ. No. 03-0090 JP/DJS

JOHN D'ANTONIO, New Mexico State
Engineer, JOSEPH MANGES, MICKEY
CHAPEL, and JENNIFER CHAPEL,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants New Mexico Supreme Court, Judge Edmund Kase III, Thomas C. Turney, and Wayne G. Canon's Motion to Dismiss, filed

October 1, 2002, **[Doc. No. 16]** and Defendants Mick and Jennifer Chapel's Motion to Dismiss Amended Complaint, filed October 31, 2002, **[Doc. No. 22]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motions are well-taken and will be **GRANTED**.

## BACKGROUND

This is one of a number of cases arising from Plaintiff David Derringer's dissatisfaction with the results of a state court adjudication of a water rights dispute between Plaintiff, Plaintiff's wife, Susan Nevitt, and her mother, Norma Nevitt, (the "Nevitts") and their neighbors, Mick and Jennifer Chapel (the "Chapels").

    1.    The State Court Case

In 1994, the Chapels filed a state court action seeking to confirm their senior water rights as against the Nevitts who lived upstream from the Chapels. Plaintiff was not a party to the suit because the Nevitts were the property owners of record at the time the case was filed. The case proceeded to a jury trial and the jury found for the Chapels and against the Nevitts. Based upon the jury verdict, the state court judge entered a judgment and a permanent injunction in favor of the Chapels on May 17, 1996 (the "1996 judgment"). The Nevitts appealed the 1996 judgment and the New Mexico Court of Appeals affirmed.

In July 2000, the Chapels filed a motion to enforce the 1996 judgment. Plaintiff, who had apparently obtained an interest in the Nevitt property some time after the original suit was filed, was permitted to intervene in this case. The state court held an evidentiary trial on the Chapels' motion to enforce, found in favor of the Chapels, and entered a second judgment and injunction on September 24, 2001 (the "2001 judgment"). Plaintiff appealed the 2001 judgment and the

New Mexico Court of Appeals affirmed.

In August 2002, the Chapels filed a motion to enforce the 1996 judgment and the 2001 judgment. On January 13, 2003, the state court held a bench trial at which Plaintiff appeared but the Nevitts did not. Following this trial, the state court entered a decision awarding the Chapels $3,545.00 in compensatory damages, $20,000 in punitive damages, and reasonable attorney's fees. The state court also held that if the Nevitts and Plaintiff failed to remove two dams on their property within 45 days, the Chapels would have the right to enter upon the property owned by Susan Nevitt and Plaintiff to remove those dams and that the Nevitts and Plaintiff would be fined $100.00 per day for each day they failed to comply with the injunctions issued in the case. In addition, the state court judge entered an Order granting the Chapels' Motion for Injunction to Enjoin the Filing of Additional Motions, Pleadings or Other Papers by *Pro Se* Defendants. The Chapels were represented in the state court proceedings by Defendant Manges.

Plaintiff has since filed a number of federal and state actions against the Chapels, their attorney, the state court judges, and other state and county officers involved in the water adjudication in state court.[1] In this action, Plaintiff alleges that the New Mexico Supreme Court

---

[1] *See Derringer v. Chapel,* No. CIV 02-0974-WJ/RLP (D.N.M. Oct. 3, 2002) (memorandum opinion and order dismissing case); *Derringer v. Snyder*, No. CIV 03-0291 MV/KBM (pending); *Derringer v. Fitch,* No. CIV-03-149 MV/RLP (pending); *Derringer v. Denko*, No. CIV 03-0290 MCA/LAM (D.N.M. Dec. 22, 2003) (memorandum opinion and order dismissing case); *Derringer v. Chapel,* No. CIV 03-804 WJ/RHS (D.N.M. Sept. 4, 2003) (judgment dismissing case); *Nevitt v. Fitch*, No. CIV 03-0155 LFG/WWD (D.N.M. May 19, 2003) (memorandum opinion and order dismissing case); *Nevitt v. Fitch*, No. CIV 02-1580 WPJ/LFG (D.N.M. Dec. 31, 2002) (memorandum opinion and order dismissing case). Plaintiff has been enjoined from filing further frivolous lawsuits in this district. *See Derringer v. Chapel*, No. CIV 03-804 WJ/RHS (D.N.M. Sept. 8, 2003).

violated his civil rights by not granting Plaintiff relief from the state court judgments and injunctions and that the New Mexico Supreme Court conspired with the Chapels and others in order to acquire Plaintiff's property. Plaintiff further asserts that Defendant Wayne G. Canon, an employee of the New Mexico State Engineers Office, lied at the state court trial regarding the Chapel's water rights; that Defendant Thomas C. Turney, New Mexico State Engineer, improperly denied Plaintiff's application for a water right, improperly granted the Chapels use of waters, and improperly denied Plaintiff an administrative hearing; and that Defendant Judge Edmund Kase III improperly denied Plaintiff's appeal of Defendant Turney's failure to provide an administrative hearing on Plaintiff's application for a water right.

Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983, the Fourteenth Amendment, the New Mexico Constitution, New Mexico water statutes, 18 U.S.C. § 241, 18 U.S.C. § 1505 and intentional infliction of emotional distress. Plaintiff seeks an Order dissolving the state court orders and injunctions entered against him, monetary damages, prosecution of the Chapels for their alleged violations of New Mexico law, removal of Defendant Judge Kase, removal of Defendants Turney and Canon, and an investigation of the New Mexico Supreme Court.

Defendants have moved to dismiss all of Plaintiff's claims on numerous grounds, including the doctrines of judicial immunity, quasi-judicial immunity, Eleventh Amendment immunity, ministerial acts immunity and the statute of limitations.

## MOTION TO DISMISS STANDARD

The Court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *See, e.g.*,

4

*H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989).  When considering a motion to dismiss, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff.  *See Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991).  The issue in reviewing the sufficiency of a complaint "is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claim."  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989)*,* (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

While a court must construe a *pro se* plaintiff's pleadings liberally, mere conclusory allegations will not support a claim without supporting factual averments.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply factual allegations to support a *pro se* plaintiff's claim for relief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

1.   Federal and Local Rules

Plaintiff asserts that Defendants violated D.N.M. LR-Cv 7.4(a), Fed. R. Civ. P. 7 and Fed. R. Civ. P. 6 and that these violation mandate that Defendants' motions to dismiss be denied. Local Rule 7.4(a) states that in *pro se* cases

[the] Movant must request concurrence of each party, at least (3) working days before filing

>a motion. Movant must recite that concurrence was refused or explain why concurrence could not be obtained. A motion that omits recitation of a good-faith request for concurrence *may* be summarily denied.

D.N.M. LR-Cv 7.4(a) (emphasis added). Summary denial of a motion for failure to comply with Local Rule 7.4(a) is discretionary. Although it appears that Defendants did not comply with Local Rule 7.4(a), the Court will not summarily deny the motion to dismiss because there is no indication that Defendants intentionally violated the rule and the purposes of the rule--to avoid the filing of uncontested motions--would not have been fulfilled in this instance because the motions to dismiss are contested. Furthermore, the Court notes that Plaintiff's refusal to speak to Defendants' counsel by phone and to receive any documents by facsimile has made it unnecessarily difficult for Defendants' counsel to obtain his position on proposed motions.

Plaintiff asserts that Defendants also violated Fed. R. Civ. P. 7. The basis for Plaintiff's assertion of a violation of Rule 7 is unclear. However, even assuming that Defendants did violate Rule 7, such a violation would not require the Court to summarily deny Defendants' motions to dismiss.

Plaintiff correctly asserts that Defendant Chapels' Motion to Dismiss is untimely. Plaintiff filed his amended complaint on September 23, 2002. Defendant Chapels filed their Motion to Dismiss on October 31, 2002, well outside the 20-day period provided in Fed. R. Civ. P. 12. Defendant Chapels did not seek leave of the Court to file their motion outside the filing deadline and have provided no explanation for the untimeliness of their filing. Under other circumstances, the Court would strike Defendant Chapels' motion as untimely and enter an order to show cause why a default judgment should not be entered against them. Given the circumstances of this case, particularly the fact that this is one of a number of meritless actions brought against Defendant

6

Chapels by Plaintiff, the Court will decline to strike Defendant Chapels' untimely motion.

    2.    *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review or reverse state court decisions. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). Review of a state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *Id.* The *Rooker-Feldman* doctrine applies to all state court judgments, whether they are final or not. *See Kenmen Engineering v. City of Union*, 315 F.3d 468, 473-74 (10th Cir. 2002). If the *Rooker-Feldman* doctrine applies to a federal case, the case must be dismissed for lack of federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Id.*

"Federal district courts do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, (1983)); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-6 (1994) (losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); *Wright v. Tackett*, 39 F.3d 155 (7th Cir. 1994) (plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action); *Guess v. Board of Medical Examiners*, 967 F.2d 998, 1002-03 (4th Cir.1992) (plaintiffs who lose in state court may not "recast their claims in federal court under the guise of federal constitutional claims that were not raised or decided by the state court ... if the

constitutional claims are inextricably intertwined with the merits of the state court judgment"). "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under . . . § 1983." *Anderson v. Colorado*, 793 F.2d 262, 262 (10th Cir. 1986).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482, n.16. Claims that are "inextricably intertwined" with a state court judgment negate federal district court jurisdiction because such claims in essence call for review of the state court's decision. To determine if an issue is "inextricably intertwined" with a state court judgment, the "fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If adjudication of the claim would require the federal court to determine that a state court judgment was erroneously entered or was void, the claim is "inextricably intertwined" with the merits of the state court judgment. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997); *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995) (*Rooker-Feldman* operates as a bar "if the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling); *Bisbee v. McCarty,* No. 00-1115, 2001 WL 91411, at \*3 (10th Cir. Feb. 2, 2001) (*Rooker-Feldman* doctrine barred claim for damages due to allegedly fraudulent state court judgment because "it would be impossible for a federal court to resolve this claim in [plaintiff's] favor without determining that the state court judgment was erroneously entered or void."); *see*

*also Kenmen*, 315 F.3d at 476, n.6. (noting that one of the obvious ways a federal court might "upset" a state-court judgment is by awarding damages for losses incurred as a result of complying with the state court judgment).

Plaintiff alleges that Defendant Chapels filed a fraudulent and abusive lawsuit against him and then conspired with their attorney, state court judges and other state officials to deprive him of due process and equal protection of the laws, resulting in the erroneous and fraudulent entry of judgments and injunctions against him in the state court proceedings.  Plaintiff's complaint recites a litany of allegedly improper and fraudulent actions taken by the state court, the Chapels, Defendant Judge Kase II, Defendant Turney, Defendant Canon and others in the state court proceedings. While Plaintiff's complaint is not a model of clarity, in essence, Plaintiff's entire cause of action appears to be an attempt to have this Court review the state court proceedings, find that the state court proceedings were unconstitutional and erroneous, and award Plaintiff the damages he suffered as a result of the allegedly fraudulent and defective state court judgments.  *See, e.g.*, Plaintiff's Emergency Motion to Dismiss, Quash, and Set Aside the Illegal and Unconstitutional CV-94-10 Judgment and Injunction of May 17, 1996, Place a Stay on CV-94-10 and Place a Permanent Restraining Order Against the Chapels, filed February 6, 2003, [Doc. No. 28] (seeking to have this Court set aside the judgment and injunction in the state court case and stay any further proceedings in that case); Plaintiff's Motion for Federal Court Order to Stay All Proceedings in State Cases CV-94-10 and CV-02-19 and All Appeals of These State Cases, filed May 27, 2003, [Doc. No. 46] (seeking to have this Court stay any further proceedings in the state court case, including any appeals).

Evaluating Plaintiff's claims against Defendants would require the Court to determine

9

whether the state court entered erroneous judgments and injunctions against Plaintiff. The Court, therefore, would be evaluating whether the state court's decisions were correct. This is the sort of collateral review of state court decisions that is barred by the *Rooker-Feldman* doctrine. *See, e.g., Levin v. Attorney Registration and Disciplinary Comm'n*, 74 F.3d 763, 767 n.4 (plaintiff's request for damages was "merely another way to contest his disciplinary proceedings and the Illinois Supreme Court's decision to disbar him."); *Bisbee,* 2001 WL 91411, at *3 (federal court cannot resolve abuse of process claim in favor of plaintiff without determining that the state court judgment was erroneously entered); *see also Derringer v. Chapel*, No. CIV 02-974 WJ/RLP (D.N.M. Oct. 3, 2002) (dismissing nearly identical case brought by Plaintiff based on *Rooker-Feldman* doctrine). If Plaintiff believed that the acts of the Chapels and Defendant Manges in the state court case were fraudulent and in violation of his constitutional and statutory rights, Plaintiff could have, and apparently did, appeal these issues through the state court system and, ultimately to the United States Supreme Court, if necessary.

As Plaintiff's claims are inextricably intertwined with the state court decisions entered against Plaintiff, the Court lacks subject matter jurisdiction over this case under the *Rooker-Feldman* doctrine.

In addition, the Court notes that Plaintiff's Complaint fails to state a claim on a number of other grounds, including, but not limited to, *res judicata*, Eleventh Amendment immunity, judicial immunity, and statute of limitations.

3. *Res Judicata*

Plaintiff's claims against the Chapels are barred by *res judicata*. Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating issues

10

that were or could have been raised in a prior action. *Res judicata* applies when a prior action involved the same parties or their privies; the prior action involved the same claim or cause of action; and the prior action resulted in a final judgment on the merits. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237 (10th Cir. 1992). Plaintiff previously sued the Chapels in this court. *See Derringer v. Chapel,* No. CIV 02-0974-WJ/RLP. In that case, Plaintiff alleged violations of federal civil rights and conspiracy against civil rights, trespass, abuse of process, obstruction of justice, terrorism, and perjury and fraud based on essentially the same facts alleged in this action. The court in *Derringer v. Chapel* found that all of Plaintiff's claims were barred from review under the *Rooker-Feldman* doctrine.[2] Plaintiff's previous action against the Chapels involved the same parties, the same claims, and resulted in a final judgment on the merits. Consequently, *res judicata* bars Plaintiff's claims against the Chapels in this action.

4.    Eleventh Amendment Immunity

Plaintiff's claims for damages against Defendant New Mexico Supreme Court and Defendant Turney are barred by Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars suits in federal court for damages against states, state agencies, and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the immunity by creating a statutory cause of action. *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 9, 97-102 (1984). "Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [a plaintiff's] underlying . . . claim." *Martin v. Kansas*, 190 F.3d

---

[2] Plaintiff filed a notice of appeal, which is pending.

1120, 1126 (10th Cir. 1999), overruled on other grounds, *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001).

Unless a state waives its immunity by consenting to suit or Congress has abrogated the state's sovereign immunity, "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted). The State of New Mexico has not consented to be sued in this case. In addition, the Supreme Court has determined that the passage of 42 U.S.C. §§ 1981, 1983, 1985 and 1986 did not abrogate state sovereign immunity. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979). Furthermore, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Defendant Turney, as the New Mexico State Engineer, is a state officer entitled to Eleventh Amendment immunity. Similarly, Defendant New Mexico Supreme Court is a state entity entitled to Eleventh Amendment immunity. For these reasons, Plaintiff's claims for damages against Defendant New Mexico Supreme Court and Defendant Turney in his official capacity are barred by the Eleventh Amendment.

5.  Judicial Immunity

Defendant Judge Kase III is immune from damages for civil liability for acts taken in his judicial capacity.[3] *Stump v. Sparkman*, 435 U.S. 349 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

---

[3] Defendant Judge Kase III is also entitled to absolute judicial immunity for Plaintiff's claim for damages under 42 U.S.C. § 1983. *See Stump v. Sparkman,* 435 U.S. 349 (1978).

12

authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-57; *see also Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). Common law judicial immunity "attaches if (1) the acts complained of are judicial in nature, and (2) the court had jurisdiction over the subject matter of the case." *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990)(citations omitted).

Defendant Judge Kase III has subject matter jurisdiction over all matters and causes not excepted in the Constitution of the State of New Mexico. N.M. Const. Art. V, § 13. Thus, Defendant Judge Kase III acted within his jurisdiction when he ruled on Plaintiff's appeal. Consequently, Defendant Judge Kase III is immune from damages.

6.   Statute of Limitations

The limitations period for actions under 42 U.S.C. § 1983 is governed by state law. *See Wilson v. Garcia*, 471 U.S. 261, 268 (1985). The Supreme Court has mandated that under New Mexico law, the three-year statute of limitations for injuries to the person is the appropriate limitations period for actions arising under § 1983. *Id.* at 276. The allegations against Defendant Canon in Plaintiff's Complaint involve events that occurred in 1994, 1995 and 1996 (Complaint at ¶¶ 16, 17, 22, 23, 26 & 27). Plaintiff's complaint was not filed until August 28, 2002. Therefore, Plaintiff's 42 U.S.C. § 1983 claims against Defendant Canon are time-barred and must be dismissed.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants New Mexico Supreme Court, Judge Edmund Kase III, Thomas C. Turney, and Wayne G. Canon's Motion to Dismiss, filed October 1, 2002, **[Doc. No. 16]** and Defendants Mick and Jennifer Chapel's Motion to Dismiss

Amended Complaint, filed October 31, 2002, **[Doc. No. 22]** are hereby **GRANTED** on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff's complaint in No. CIV 02-1075 and all claims therein are hereby dismissed.

    Dated this 29th day of March, 2004.

                                                             _____
                                                             MARTHA VÁZQUEZ
                                                             U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    David Derringer, *pro se*

Attorney for Defendants Chapels:
    Joseph E. Manges, Esq.

Attorneys for Defendants New Mexico
Supreme Court, Judge Edmund Kase III,
Thomas C. Turney and Wayne G. Canon:
    Sean Olivas, Esq.
    Kasey R. Daniel, Esq.