IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

vs.                                                           Civ. No. 02-1075 MV/WDS

NEW MEXICO SUPREME COURT,
THOMAS C. TURNEY, JUDGE EDMUND
KASE III, WAYNE G. CANON, and
MICKEY and JENNIFER CHAPEL, husband
and WIFE,

    Defendants.

CONSOLIDATED WITH

DAVID DERRINGER,

    Plaintiff,

vs.                                                           Civ. No. 03-0090 JP/DJS

JOHN D'ANTONIO, New Mexico State
Engineer, JOSEPH MANGES, MICKEY
CHAPEL, and JENNIFER CHAPEL,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of the

Memorandum and Order of March 29, 2004 That Disposes of CIV-02-1075 and CIV-03-0090,

Pursuant to Fed. R. Civ. P. Rules 59 & 60 for Violations of Oath, Lack of Jurisdiction and Judicial Capacity, and Working Outside the Court Record to Grant Illegal Immunity in Bias for the Defendants with Mis-Use of Rooker-Feldman Not Available under Law, and Request for a New Trial and Notice of Federal Stay Against the Nevitt/Derringer Property, filed April 9, 2004, **[Doc. No. 65]**.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

On March 29, 2004, the Court filed a Memorandum Opinion and Order granting Defendants' Motion to Dismiss, denying Plaintiff's Motion to File Surreply to Motion to Dismiss, and dismissing Plaintiff's Complaint in its entirety.  On April 9, 2004, Plaintiff timely filed his motion for reconsideration.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration.  When the Court has misapprehended the facts or misapplied the law, however, a party may seek relief pursuant to Fed. R. Civ. P. 59 or 60.  While Plaintiff seeks relief under Rule 59 and Rule 60, the Tenth Circuit has stated that "regardless of how [a motion] is styled, courts consider a motion filed within ten days of the entry of judgment that questions the correctness of the judgment to be a Rule 59(e) motion." *Trotter v. Regents of Univ. of New Mexico*, 219 F.3d 1179, 1183 (10th Cir. 2000).  Accordingly, Plaintiff's motion will be considered as a Rule 59(e) motion.

The decision whether to grant or deny a motion under Rule 59 is committed to the court's discretion.  *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A

motion under Rule 59 does not, however, provide a valid basis "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id*.

Plaintiff's motion asserts that all proceedings in this case must be stayed pursuant to 11 U.S.C. § 362 because Plaintiff's ex-wife, Susan Nevitt, filed bankruptcy on March 31, 2004. According to a notice filed with the Court in another of Plaintiff's cases, Plaintiff has also filed for bankruptcy. *See* Notice of Filing of Bankruptcy, filed October 26, 2004, [Doc No. 18], in *Derringer v. Fitch*, Civ. No. 03-0149 MV/RLP. Under 11 U.S.C. § 362(a)(1), a bankruptcy petition operates as an automatic stay of the commencement or continuation of a judicial proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the bankruptcy. "[T]he automatic stay does not apply to the continued prosecution of actions by the trustee or debtor in possession. Those entities may continue or pursue litigation without leave of court (or release of stay under section 362)." *Autoskill, Inc. v. National Educational Support Systems, Inc.*, 994 F.2d 1476, 1486 (10th Cir.1993); *accord Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1450 (10th Cir.1997). This case was brought by the debtor. Thus, the Court may rule on Plaintiff's motion without running afoul of § 362(a)(1).

In his motion, Plaintiff contends that reconsideration is warranted because the Court's Memorandum Opinion and Order referenced other civil actions that Plaintiff and/or his spouse had filed in this district. According to Plaintiff, the Court's reference to his other civil cases was improper because a court may not consider matters outside the record in the case before it. The Tenth Circuit has held that a district court may "take judicial notice, whether requested or not, of

its own records and files, and facts which are part of its public records." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citations omitted). "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." *Id.*

Plaintiff's allegations in this case were closely related to the allegations in the other civil actions filed by Plaintiff that were cited in the Court's Memorandum Opinion and Order. Thus, under Tenth Circuit law, it was proper for the Court to take judicial notice of those cases. Furthermore, the Court merely noted the existence of Plaintiff's other cases. *See* March 29, 2004 Memorandum Opinion and Order at p. 3 ("Plaintiff has since filed a number of federal and state actions against the Chapels, their attorney, the state court judges, and other state and county officers involved in the water adjudication in state court."). The Court did not rely upon any facts or rulings in Plaintiff's other cases when determining that Plaintiff's claims must be dismissed.

The remainder of Plaintiff's motion revisits issues addressed in prior briefings, makes unsupported allegations of judicial misconduct, and disagrees with the Court's interpretation of the law. None of these arguments provides a basis for the Court to reconsider its decision.

The Court finds that it has not misapprehended the facts, the controlling law or Plaintiff's position, and that Plaintiff has provided no basis for the Court to reconsider its prior rulings as articulated in its March 29, 2004 Memorandum Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of the Memorandum and Order of March 29, 2004 That Disposes of CIV-02-1075 and CIV-03-0090, Pursuant to Fed. R. Civ. P. Rules 59 & 60 for Violations of Oath, Lack of Jurisdiction and Judicial Capacity, and Working Outside the Court Record to Grant Illegal Immunity in Bias for

4

the Defendants with Mis-Use of Rooker-Feldman Not Available under Law, and Request for a New Trial and Notice of Federal Stay Against the Nevitt/Derringer Property, filed April 9, 2004, **[Doc. No. 65]** is **DENIED**.

    Dated this 7th day of December, 2004.

MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    David Derringer, *pro se*

Attorneys for Defendants:
    Michelle L. Wykoff, Esq.
    Joseph E. Manges, Esq.